[Dkt. No. 6]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

IFEOMA EZEKWO,

    Plaintiff,

v.

CALIBER HOME LOANS, INC., et al.,

    Defendants.

Civ. No. 21-9936 (RMB/MJS)

**OPINION**

**Renée Marie Bumb, United States District Judge**

This matter comes before the Court upon Plaintiff Ifeoma Ezekwo's Motion for Reconsideration [Dkt. No. 6] of this Court's Preclusion Order [Dkt. No. 5] prohibiting Plaintiff from filing a complaint under a new docket with this Court without prior expression permission of this Court. For the reasons set forth below, the Motion is DENIED.

**Background**

Plaintiff initiated this particular matter with a *pro se* Complaint filed on April 19, 2021 [Dkt. 1] in which she attempted to litigate matters currently pending in this District or re-litigate matters previously adjudicated in this District, *see, e.g.*, *Ezekwo v. Quirk*, Civil Action No. 15-3167 (SDW/LDW), *Ezekwo v. City of Englewood*, Civil Action No. 20-480 (SDW/LDW), *City of Englewood v. Ezekwo*, Civil Action No. 20-12799 (SDW/LDW), *Ezekwo v. Caliber Home Loans, Inc.*, Civil Action No. 20-16187 (SDW/LDW). Plaintiff brings these claims against numerous defendants, including the Honorable Leda Dunn Wettre, the Honorable Susan Wigenton, and the Honorable Joan Bedrin Murrray, all in their official capacaties.

1

[Dkt. No. 6]

Acting in an abundance of caution, this Court issued an Order to Show Cause [Dkt. No. 3] on April 23, 2021, ordering Plaintiff to provide this Court with answers to two questions within seven days: why this case should not be dismissed for reasons of *res judicata*, claim preclusion, or judicial immunity; and why the Court should not enter an Order precluding Plaintiff from filing a further action relating to the within matters without first seeking Court approval.[1]  After failing to receive any responsive filing from Plaintiff, the Court issued a Preclusion Order on May 18, 2021 stating the following: "Preclusion Order prohibiting Plaintiff Ifeoma Ezekwo from filing a Complaint under a new docket with this Court that brings claims related to those in Civil Dockets 20-480, 20-12799, and 20-16187 without express permission of this Court; ORDERED Plaintiff must seek leave to file any Complaint by filing a letter with this Court no more than two typed pages in length, setting forth valid reasons why the Court should allow the complaint to be filed; ORDERED that this Order shall be filed in all pending cases in which Plaintiff is a party FOR INFORMATIONAL PURPOSES."  [Dkt. No. 5].

Plaintiff filed a Motion for Reconsideration [Dkt. No. 6] on June 25, 2021 and appealed this matter to the Third Circuit on July 26, 2021.  [Dkt. No. 7].

**Motion for Reconsideration**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  *Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F.Supp.2d 610, 612 (D.N.J.2001).  Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Agostino v. Quest Diagnostics*

---

[1] The Court noted at the time that, apparently, Plaintiff attempted to file two earlier cases with this Court. *See, e.g.*, *Ezekwo v. Wigenton et al.*, Civil Action No. 21-1100 (RMB/AMD) and *Ezekwo v. City of Englewood*, Civil Action No. 21-1848 (RMB/KMW). Both Complaints were terminated by the Clerk of the Court for failure to pay the filing fee.

2

[Dkt. No. 6]

*Inc.*, Civ. No. 04–4362, 2010 WL 5392688 at *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F.Supp.2d 295, 297 (D.N.J.2005); *Bowers*, 130 F.Supp.2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (internal citation omitted). Reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 515–16 (D.N.J.1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)); *Agostino*, 2010 WL 5392688 at *5.

Analysis

As an initial matter, the filing of an appeal is "an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") "'Divest' means what it says – the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen*, 758 F.2d at

[Dkt. No. 6]

120-21 (footnote omitted).

A district court may, however, retain jurisdiction when a party files a timely motion for reconsideration in order to decide that motion notwithstanding the filing of the notice of appeal. *See, e.g.*, *Lakeside Resort Enters., LP v. Bd. of Supervisors of Palmyra Twp.*, 455 F.3d 154, 156 n. 4 (3d Cir. 2006). Accordingly, this Court has jurisdiction to address Plaintiff's Motion for Reconsideration despite her appeal to the Third Circuit on July 26, 2021.

Plaintiff's Motion is insufficient on its face and fails to satisfy any of the three-prongs provided by the Third Circuit for an analysis of this kind. Plaintiff fails to cite an intervening change of law, fails to provide additional evidence, and the Court disagrees with her broad and inaccurate accusations of injustice. Plaintiff requests that the Court rescind the Preclusion Order to "fully restore [her] right to litigate" this matter and argues that "oppression and suppression and preclusion" has been used to "muzzle" her. Motion at ¶¶ 1, 7. The Court disagrees, and for good reason. The Court's Preclusion Order issued on May 18, 2021, clearly provides an avenue for Plaintiff to submit a two-page letter to the Court setting forth valid reasons why the Court should allow any additional Complaints. Plaintiff has failed to abide by this request, and instead continues to pursue litigation regarding previously adjudicated matters against officers of the Court in their official capacities. Plaintiff went so far as to file suit against the undersigned judge on May 5, 2021. *See, Ezekwo v. Bumb*, Civil Action No. 21-10630 (MAS/DEA). The Honorable Judge Michael A. Shipp ordered this Complaint withdrawn on May 18, 2021, as neither a filing fee was paid nor was an application to proceed *in forma pauperis* submitted. [Dkt. No. 4].

Plaintiff's sweeping allegation that it "is therefore obvious that anger, malice, retaliatory animus and familiarly oppression" is without a basis in fact and is indeed entirely meritless. In both its Order to Show Cause [Dkt. No. 4] and its Preclusion Order [Dkt. No.

[Dkt. No. 6]

5], this Court has taken cautious and purposeful measures to provide Plaintiff with clear instructions on the necessary steps to properly litigate this matter going forward. Plaintiff chose not to abide by these parameters, and now moves for reconsideration. The Court will not grant the Motion.

**Conclusion**

Accordingly, Plaintiff's Motion for Reconsideration is DENIED. An appropriate Order shall issue on this date, and the Clerk of Court shall be directed to provide Plaintiff a copy of this Opinion and Order via U.S. mail.

Date: 8/10/21

RENÉE MARIE BUMB
United States District Judge

5