IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IFEOMA EZEKWO, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC., *et al.*, <br><br> Defendants. | Civil No. 21-9936 (RMB/SAK) <br><br><br> **OPINION** |

**BUMB, U.S. District Judge**

This matter comes before the Court upon the Judgment from the United States Court of Appeals for the Third Circuit [Docket No. 16] and accompanying Opinion, both of which are dated May 3, 2022, vacating the Court's Preclusion Order [Docket No. 5] and Order denying reconsideration [Docket No. 12], and remanding this matter for further proceedings. Having fully considered the reasoning set forth in the Third Circuit's Opinion, the Court intends to clarify its earlier rulings herein. In addition, the Court shall enter an Amended Preclusion Order, given Plaintiff Ifeoma Ezekwo's ("Plaintiff's") failure to respond to the Court's third Order to Show Cause in this action and set forth (1) why her claims in this case are not barred, and (2) why the Court should not enter an Amended Preclusion Order, precluding Plaintiff from filing a further action *relating* to matters currently pending or previously adjudicated in this District, consistent with the Third Circuit's Opinion. [Docket No. 17.]

I. **BACKGROUND**

Plaintiff filed her initial Complaint in this action on April 19, 2021 [Docket No. 1], alleging claims that appear to relate to matters that have already been fully adjudicated in this District—such that Plaintiff's Complaint would presumably be barred by the doctrines of *res judicata*, claim preclusion, and/or as a duplicative filing—and asserting such claims against a host of defendants—including multiple judicial actors who presided over Plaintiff's prior actions in this District, such that Plaintiff's claims against them would presumably be further barred by the doctrine of judicial immunity.

As acknowledged by the Third Circuit in its recent Opinion, this Court, in light of the above observations, *sua sponte* directed Plaintiff to show cause why this case should be allowed to proceed. The Court issued two separate Orders to Show Cause, dated April 23, 2021, and May 5, 2021, respectively, both of which required Plaintiff to (1) explain why her case should not be dismissed for the above stated reasons, and (2) why the Court should not enter an Order precluding her from making further filings with the Court without first seeking Court approval. [Docket Nos. 3, 4.] After the seven (7) day show-cause period from the Court's first Order to Show Cause expired without Plaintiff filing a response,[1] the Court entered the second Order to Show Cause [Docket No. 4]. The ten (10) day show-cause period from the

---

[1] Because it was not clear that Plaintiff, who is appearing *pro se*, received a copy of the first Order to Show Cause, the Court instructed the Clerk of the Court to provide Plaintiff with a copy of the Second Order to Show Cause via regular mail when it was entered.

2

Court's second Order to Show Cause then also expired without Plaintiff filing a response. Thus, the Court entered the Preclusion Order, which, *inter alia*, (1) prohibited Plaintiff "from filing a complaint under a new docket with this Court that brings claims *related* to those in Civil Nos. 20-480, 20-12799, and 20-16187 without express permission of this Court," (2) required Plaintiff to "seek leave to file any complaint by filing a letter with this Court of no more than two ordinary typed pages, addressed to the undersigned and delivered to the Clerk of the Court, setting forth valid reasons why the Court should allow the complaint to be filed," and (3) directed the Clerk of the Court to close this case. [Docket No. 5, at 2–4 (emphasis added).]

On June 25, 2021, Plaintiff filed a Motion for Reconsideration regarding the Court's Preclusion Order. [Docket No. 6.] While her motion was pending, Plaintiff filed a Notice of Appeal to the Third Circuit of the Court's Preclusion Order, which was docketed at C.A. No. 21-2404. [Docket Nos. 7, 9.] The Court subsequently denied Plaintiff's Motion for Reconsideration while Plaintiff's appeal was pending. [Docket No. 12.] On September 3, 2021, Plaintiff filed a second Notice of Appeal to the Third Circuit as to the Court's Order denying her Motion for Reconsideration, which was docketed at C.A. No. 21-2700. [Docket Nos. 13, 15.] The Third Circuit consolidated Plaintiff's appeals, and on May 3, 2022, vacated the Court's Preclusion Order [Docket No. 5] and Order denying reconsideration [Docket No. 12], remanding this matter for further proceedings. [Docket No. 16.]

## II.  LEGAL STANDARD

As this Court recognized when it entered its earlier Preclusion Order, "[a] pre-filing injunction is an exception to the general rule of free access to the courts and its use against a *pro se* plaintiff must be approached with caution." *Gonzalez v. Feiner*, 131 F. App'x 373, 378 (3d Cir. 2005) (*citing In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). Nevertheless, the Third Circuit has recognized that pre-filing injunction may be warranted in certain circumstances:

> It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated. The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims.

*In re Oliver*, 682 F.2d at 445.

Before imposing a pre-filing injunction, a District Court must (1) determine that the situation presents "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," (2) provide the litigant with notice and the opportunity to "show cause why the proposed injunctive relief should not issue," and (3) narrowly tailor "the scope of the injunctive order . . . to fit the particular circumstances of the case." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), *as amended* (May 26, 1993).

## III.  ANALYSIS

Having afforded Plaintiff with additional notice and a third opportunity to show cause why a limited pre-filing injunction should not issue, the Court finds that

4

such an injunction is warranted in light of the present circumstances. The Court turns to each of the three relevant factors in turn.

    A.    **Plaintiff's Repetitive Filings and Continued Abuse of the Judicial Process**

Without a doubt, the plaintiff in this case is a "frequent filer" with this Court who routinely and frequently submits filings that are unintelligible, duplicative, and aggressive towards the Judges presiding over Plaintiff's numerous cases brought in this District. Plaintiff also has a long history of routinely opening new actions with this Court regarding matters that appear to have already been adjudicated or matters that otherwise relate to other of Plaintiff's already pending actions. *See, e.g., Ezekwo v. Quirk*, Civil Action No. 15-3167 (SDW/LDW); *Ezekwo v. City of Englewood*, Civil Action No. 20-480 (SDW/LDW); *City of Englewood v. Ezekwo*, Civil Action No. 20-12799 (SDW/LDW); *Ezekwo v. Caliber Home Loans, Inc.*, Civil Action No. 20-16187 (SDW/LDW); *Ezekwo v. Wigenton*, Civil Action No. 21-1100 (RMB/AMD); *Ezekwo v. City of Englewood, et al.*, Civil Action No. 21-1848 (RMB/KMW); *Ezekwo v. Monaghan, et al.*, Civil Action No. 21-5155 (MAS/LHG); *Ezekwo v. Bumb*, Civil Action No. 21-10630 (MAS/DEA); *Ezekwo v. Caliber Home Loans, Inc., et al.,* Civil Action No. 21-10631 (MAS/DEA); *Ezekwo v. City of Englewood, et al.*, Civil Action No. 21-17515 (RMB/MJS); *Ezekwo v. Pennymac Bank, et al.,* Civil Action No. 21-18129 (RMB/AMD); *Ezekwo v. City of Paterson, et al.,* Civil Action No. 22-1287 (RMB/SAK). The Court finds that Plaintiff's continued filing of meritless and repetitive actions in this District constitutes continued abuse of the judicial process

that must be addressed by the Court.

### B.  The Court's Orders to Show Cause and Plaintiff's Failure to Respond

In an effort to preserve judicial resources, to prevent abuse of the federal court system, and to discern which, if any, of Plaintiff's claims should be allowed to proceed, the Court entered the Prelusion Order [Docket No. 5], intending **only** for this Court to serve as a screener/gatekeeper who would review Plaintiff's voluminous and frequent submissions and determine if Plaintiff was, in fact, alleging duplicative claims therein. To date, Plaintiff has failed to provide the Court with a letter that clearly articulates the basis of her claims, and none of Plaintiff's submissions have included any relevant discussion regarding whether her claims relate to those in Civil Action Nos. 15-3167; 20-480; 20-12799; or 20-16187, as required by this Court's two prior Orders to Show Cause. [Docket Nos. 3, 4, 17.]

### C.  The Scope of the Court's Pre-Filing Injunction

The Court is mindful of the Third Circuit's position that it erred in ordering Plaintiff to obtain the Court's permission before filing "any" complaint without explaining why such a sweeping injunction was warranted in these circumstances. [Docket No. 5, at 3.] The Court was attempting to achieve a result by which the undersigned Judge would review Plaintiff's frequent submissions, many of which have been labeled as a complaint and/or filed under a new action by Plaintiff even though they appear to assert duplicative claims previously asserted by Plaintiff in her numerous, earlier-filed actions in this District. In any event, the Court's Preclusion

6

Order did not have the effect of precluding Plaintiff from filing new actions with the Court, which was of concern to the Third Circuit in its Order of remand. In fact, since the Court entered the Preclusion Order in this case, a copy of which was put on the docket in Plaintiff's other active cases in this District for informational purposes, Plaintiff has initiated at least three (3) new lawsuits. *See, e.g., Ezekwo v. City of Englewood, et al.*, Civil Action No. 21-17515 (RMB/MJS); *Ezekwo v. Pennymac Bank, et al.,* Civil Action No. 21-18129 (RMB/AMD); *Ezekwo v. City of Paterson, et al.,* Civil Action No. 22-1287 (RMB/SAK). Many of Plaintiff's filings in Plaintiff's most recently filed lawsuits post-dating the Court's Preclusion Order also appear to be related to Plaintiff's previously adjudicated or currently pending actions in this District. While the parties might be different, the allegations contained therein are the same, and despite this Court's earnest efforts to discern Plaintiff's claims—either on its own or with clarification by Plaintiff—Plaintiff has steadfastly refused to explain why these later filed lawsuits are not duplicative. But she must.

  The Court understands the Third Circuit's admonition that Plaintiff should be permitted to access the Court and file cases *unrelated* to her previously filed lawsuits (for which she must pay the Court's filing fee at her peril). However, the Court finds that there is still a strong need for it to continue its role as a screener/gatekeeper with respect to claims asserted by Plaintiff, considering not only Plaintiff's demonstrated and continued abuse of the judicial process by filing meritless and repetitive actions, but also the Court's familiarity with Plaintiff's historical suits and frequent submissions. Accordingly, the Court will direct the Clerk of the Court to assign any

subsequently filed action by Plaintiff to the undersigned Judge going forward for screening purposes only. To the extent that Plaintiff files an action that appears to be duplicative of her earlier-filed lawsuits in this District—including by naming a party as a defendant whom Plaintiff has previously brought a suit against, by naming a party as a defendant whom is a Judge who presided over other of Plaintiff's actions in this District, by asserting duplicative or similar causes of action, by filing new causes of action that arise out of the same or similar transactions or occurrences previously implicated in Plaintiff's earlier-filed lawsuits, etc.—the Court will require Plaintiff to show cause why her case is not duplicative and set forth valid reasons to explain why her case should be allowed to proceed. To the extent that Plaintiff files an action that is *unrelated* to her prior suits—either as determined by this Court upon screening a subsequent complaint filed by Plaintiff or in the event that Plaintiff is able to satisfy the Court that her claims are not duplicative—the Court shall direct the Clerk of the Court to assign any such action to a Judge in this District according to the Court's established procedures for case assignment.

      The Court finds that such a limited pre-filing injunction is appropriately narrow in scope in light of the present circumstances, as Plaintiff will be allowed to file new actions with the Court (provided that the filing fee is paid at her peril), but at the same time, the Court will be able to expeditiously screen Plaintiff's filings and determine whether Plaintiff is, in fact, asserting duplicative claims therein.[2] Thus, to

---

[2] To the extent Plaintiff asserts any claim(s) of irreparable injury absent emergent relief, the Court will expeditiously address any such claim(s).

the extent Plaintiff files an action *unrelated* to her earlier-filed actions in this District, such action will be allowed to proceed in the ordinary course, past filing, provided that the Court is able to determine that such a subsequently filed action by Plaintiff is, in fact, unrelated to her previously filed lawsuits—either because it is obvious from the pleadings or if Plaintiff has answered the Court's questions—then the Clerk will assign the case to a Judge in this District pursuant to the Court's established case assignment rules. However, the Court hastens to reiterate that just because Plaintiff may be alleging claims against new defendants or asserting new causes of action, it does not necessarily follow that such a case is unrelated to Plaintiff's earlier-filed suits. This Court must be in a position to determine whether it should dismiss Plaintiff's suits as duplicative or allow them to proceed as an unrelated action. Going forward, the Court will also require Plaintiff to closely follow Local Rules 5(e) and 40.1(c), which, respectively, require Plaintiff to furnish to the Clerk of the Court a completed civil cover sheet upon filing a civil complaint with the Court, and at the time of filing, inform the Clerk of the Court in the appropriate field on such civil cover sheet whether the claims asserted therein "gro[w] out of the same transaction as any case already pending in this Court." The Court believes that this procedure does not run afoul of the Third Circuit's recent Opinion.

## IV.   CONCLUSION

For the above stated reasons, an Amended Preclusion Order, consistent with this Opinion's reasoning, shall issue.

Date: <u>May 17, 2022</u>                                            <u>s/Renée Marie Bumb</u>
                                                                     Renée Marie Bumb
                                                                     U.S. District Judge